**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | )<br>)<br>) |
| *Plaintiff* | ) **Case No.**<br>) |
| *v.* | )<br>) |
| **KATHLEEN ESTES, CARRIE BADE, and RICHARD NICHOLS,** | )<br>)<br>) |
| *Defendants* | ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Warren von Schleicher and Rachel Beattie of Smith von Schleicher & Associates, submits its Complaint in Interpleader pursuant to Fed. R. Civ. P. 22:

### PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York, and is a citizen of New York. It is licensed to do business in the State of Illinois.

2. Defendant Kathleen Estes is the friend of Cheryl L. Nichols (the "Decedent"), and she resides in Mt. Prospect, Illinois and is a citizen of Illinois.

3. Defendant Carrie Bade is the sister of the Decedent, and she resides in Morton Grove, Illinois and is a citizen of Illinois.

4. Defendant Richard Nichols is the brother the Decedent, and he resides in Palatine, Illinois and is a citizen of Illinois.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of this action pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). In addition, this Court has jurisdiction pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) in that one or more of the defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

7. The Decedent, a former employee of Alcatel-Lucent USA, Inc. ("Alcatel"), had group basic life insurance coverage for retired employees under Plan No. 190374-G (the "BLI Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Alcatel and funded by a group life insurance policy issued by MetLife. A true and correct copy of BLI Plan documents are attached hereto as Exhibit "A".

8. MetLife, as claim fiduciary, must administer claims for the BLI Plan in accordance with ERISA and the documents and instruments governing the BLI Plan. 29 U.S.C. §1104(a)(1)(D).

9. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8).

10. Under the BLI Plan:

A. Your Beneficiary

The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.

You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan.

You may change the Beneficiary at any time by filing a new form with us. You do not need the consent of the Beneficiary to make a change. When we receive a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.

A change of Beneficiary will not apply to any payment made by us prior to the date the form was received by us.

…

C. Death of a Beneficiary

A person's rights as a Beneficiary end if:

1. that person dies before your death occurs; or

2. that person dies at the same time your death occurs.

The share for that person will be divided among the surviving persons you have named as Beneficiary, unless you have chosen otherwise.

D. No Beneficiary at Your Death

If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be paid to one or more of the following persons who are related to you and who survive you:

    1. spouse;       3. parent;

    2. child;         4. brother and sister.

However, we may instead pay all or part of that amount to your estate.

Any payment will discharge our liability for the amount so paid.

See Exhibit "A" at p. 10-11.

11. On or about March 10, 2015, ten days before the Decedent's death, MetLife received a beneficiary designation form, which purportedly sought to designate the Decedent's friend Kathleen Estes as the primary beneficiary of the life insurance benefits under the BLI Plan. The beneficiary designation form was not dated. A true and correct copy of the undated signature page of the beneficiary designation form is attached hereto as Exhibit "B".

12. On or about March 10, 2015, MetLife rejected the said designation. The form was deemed incomplete as it was not dated by the Decedent. A true and correct copy of the rejection letter is attached hereto as Exhibit "C".

13. The next prior designation on file for the Decedent is dated May 8, 1991, and names Mary Ann Nichols, the Decedent's mother, as the primary beneficiary of the Decedent's benefits under the BLI Plan. A true and correct copy of the 1991 Designation is attached hereto as Exhibit "D".

14. On or about March 12, 1999, Mary Ann Nichols died from natural causes. A true and correct copy of the death certificate is attached hereto as Exhibit "E".

15. The next prior designation on file for the Decedent is dated October 6, 1983, and names Richard G. Nichols Sr., the Decedent's father, as the primary beneficiary and Mary Ann Nichols as the contingent beneficiary of Decedent's benefits under the BLI Plan. A true and correct copy of the 1983 Designation is attached hereto as Exhibit "F".

16. On or about June 14, 1986, Richard G. Nichols Sr. died from natural causes. A true and correct copy of the death certificate is attached hereto as Exhibit "G".

17. On March 20, 2015, the Decedent died from natural causes. A true and correct copy of the death certificate is attached hereto as Exhibit "H".

18. At the time of her death, the Decedent was enrolled under the BLI Plan for One Hundred and Nineteen Thousand Dollars ($119,000.00) (the "Proceeds").

19. On or about April 13, 2015, Kathleen Estes submitted a claim for the Proceeds. A true and correct copy of the Claimant's affidavit is attached hereto as Exhibit "I".

20. By letter dated April 24, 2015, MetLife requested the siblings of the Decedent, Defendants Carrie Bade and Richard Nichols, to complete Claimant's Statements. True and correct copies of the April 24, 2015 correspondence are attached hereto as Exhibit "J". Upon information and belief, the Decedent had no surviving spouse, parent, or child at the time of her death.

21. On or about April 30, 2015, 41 days after Decedent's death, attorney Michael Steinberg on behalf of Defendant Kathleen Estes submitted to MetLife a beneficiary designation form seeking to name friend Kathleen Estes, which on its face is dated February 18, 2015. A true and correct copy of the beneficiary designation form is attached hereto as Exhibit "K". Exhibit K was not on file with the BLI Plan prior to the decedent's death.

22. By letter dated June 4, 2015, MetLife advised the Defendants that Ms. Estes's claim based on an unaccepted beneficiary designation, and Ms. Bade's and Mr. Nichols' claims based on a facility of payment under the BLI Plan, are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing the BLI Plan to the danger of double liability. MetLife gave Defendants an opportunity to try and resolve this matter in order to preserve the Proceeds from litigation costs and fees. Upon information and belief, no agreement was reached. A true and correct copy of the June 4, 2015 letter is attached hereto as Exhibit "L".

23. On or about June 10, 2015, MetLife received correspondence from Attorney Michael Steinberg on behalf of Defendant Kathleen Estes, maintaining that the Proceeds should be paid to Kathleen Estes. A true and correct copy of the correspondence is attached hereto as Exhibit "M".

24. MetLife cannot determine the proper beneficiary(s) of the Proceeds at issue without risking exposure to itself, the BLI Plan and Alcatel to multiple liabilities.

25. If the court determines that the beneficiary designation form naming Kathleen Estes should be given effect, changing the beneficiary under the BLI Plan, then Kathleen Estes would be the proper beneficiary of the Proceeds.

26. If the court determines that the beneficiary designation form naming Kathleen Estates did not effect a change of beneficiary under the BLI Plan, then Carrie Bade and/or Richard Nichols would be the proper beneficiaries of the Proceeds pursuant to the terms of the BLI Plan.

27. As a mere stakeholder, MetLife makes no claim to the Proceeds other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this court determine to whom the Proceeds should be paid.

28. MetLife is ready, willing, and able to pay the Proceeds, in accordance with the terms of the BLI Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

29. MetLife will deposit into the Registry of the Court the Proceeds, plus any applicable interest due and owing under the terms of the BLI Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests the Court:

(i) Restrain and enjoin the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States Court against MetLife, Alcatel, or the BLI Plan for recovery of the Proceeds plus any applicable interest, by reason of the death of the Decedent;

(ii) Require that Defendants litigate or settle and adjust between themselves their claim for the Proceeds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Proceeds, plus any applicable interest should be paid;

(iii) Permit MetLife to pay into the registry of the Court the Proceeds, plus any applicable interest, if any;

(iv) Dismiss MetLife with prejudice from this action, and discharging MetLife,

(v) Hold harmless MetLife, Alcatel, and the BLI Plan from any further liability upon payment of Proceeds, plus any applicable interest into the registry of this Court, or as otherwise directed by this Court;

(vi) Award such other and further relief, including attorney fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

    Respectfully submitted,

Warren von Schleicher (Ill. Bar 6197189)    By: */s/ Warren von Schleicher*
Rachel Beattie (Ill. Bar 6305444)          Attorney for Plaintiff,
SMITH | VON SCHLEICHER + ASSOCIATES    Metropolitan Life Insurance Company
180 North LaSalle Street, Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
warren.vonschleicher@svs-law.com
rachel.beattie@svs-law.com